IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KYMBERLY SPARROW, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LEAHNE TOSCANO, *et al.*, <br><br> Defendants. | Civil No. 23-00578 SOM-WRP <br><br> ORDER DISMISSING IN PART AND STAYING IN PART ACTION |

**ORDER DISMISSING IN PART AND STAYING IN PART ACTION**

Before the Court is a Complaint for Damages and Declaratory Relief ("Complaint") filed by pro se Plaintiffs Kymberly Sparrow[1] and Joan Sparrow (collectively "Plaintiffs")[2] pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 2201.  ECF No. 1.  In the Complaint, Plaintiffs allege that Defendants violated their rights in connection with ongoing child custody proceedings in

---

[1] Kymberly Sparrow is currently incarcerated at the Edna Mahan Correctional Facility for Women, in Clinton, New Jersey.  *See* ECF No. 1 at PageID.4; ECF No. 6; *see also* State of New Jersey Department of Corrections, https://www-doc.state.nj.us/DOC_Inmate/inmatesearch.jsp (enter "Kymberly" in "First Name" field, enter "Sparrow" in "Last Name" field, and select "Submit") (last visited Jan. 18, 2024).

[2] Although the Complaint states that Kymberly Sparrow is also filing this lawsuit "on behalf" of her three minor children, ECF No. 1 at PageID.5, that is not allowed.  *See Dimitrov v. Taele*, Civil No. 19-00300 JAO-RT, 2019 WL 2518106, at *3 (D. Haw. June 18, 2019) ("[A] parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." (quotation marks and citation omitted)).

Hawaii state court.[3] After conducting screening required by 28 U.S.C. § 1915A(a), the Court DISMISSES the Complaint pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), to the extent Plaintiffs seek injunctive and declaratory relief related to the ongoing state court proceedings. To the extent Plaintiffs seek damages based on alleged violations of their constitutional rights, those claims are STAYED. The Clerk of Court will ADMINISTRATIVELY CLOSE this case until the ongoing state court proceedings that are the foundation for Plaintiffs' claims have concluded.

## I. SCREENING

The Court is required to screen all prisoner pleadings against government officials pursuant to 28 U.S.C. § 1915A(a).[4] *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune

---

[3] Plaintiffs name as Defendants Leahne Toscano, Penny Cho, Shawn Lathrop, Wendy Robinson, Carol Kitaoka, Charles McCreary, State of Hawaii Child Welfare Services, State of Hawaii, County of Hawaii, Department of Human Services, and Does 1 through 50. ECF No. 1 at PageID.5–PageID.7.

[4] This screening requirement applies even though only one of the plaintiffs is incarcerated. *See Rojas v. Brown*, No. 1:17-cv-01514-DADLT (PC), 2021 WL 4811180, at *1 (E.D. Cal. Oct. 15, 2021) ("[U]nder § 1915A(a), the screening requirement is triggered when a prisoner seeks redress from a governmental defendant and once this screening requirement is triggered under § 1915A(a), the court's review must encompass the *entire* complaint, including any portions of the complaint that would not have been subject to screening if not filed alongside the claims that triggered screening." (quotation marks and citation omitted)).

from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. § 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

3

## II. **BACKGROUND**[5]

In November 2018, Joan Sparrow and her husband bought and moved into a home on Hawaii Island. ECF No. 1 at PageID.8. Joan's daughter, Kymberly Sparrow, and her three minor children promptly joined the couple in the home. *Id.*

In April 2019, Kymberly was incarcerated in New Jersey. *Id.* Despite her physical distance, Kymberly maintained a close relationship with her children, who continued living with Joan and her husband, by calling them multiple times a day. *Id.*; *id.* at PageID.5.

In October 2021, Kymberly's sister, Sasha Sparrow, and her two children visited Hawaii Island from California. *Id.* at PageID.9. During the trip, Sasha decided that she wanted to secure custody of Kymberly's children and to take them back to California with her. *Id.* Sasha convinced the children that living with Joan was terrible, boring, and not fun, and that living in California with their cousins would be wonderful. *Id.* Kymberly refused to allow her children to move to California with Sasha. *Id.*

Sasha then began a "plot" to gain custody of the children. *Id.* at PageID.10. Sasha had the children intentionally mess up the house so that she could take

---

[5] Plaintiffs' factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

4

pictures. *Id.* Sasha also coached the children on what they needed to say to garner the attention of Child Welfare Services. *Id.*

On November 26, 2021, Penny Cho removed the children from Joan's home without a warrant or court order, and without any emergency need. *Id.* No one contacted Kymberly or Joan prior to the removal. *Id.* at PageID.11. A hearing in state court was held on December 2, 2021, but Kymberly did not receive notice of the hearing until December 10. *Id.* Attached to the hearing notice was a Safe Family Home Report that included photographs depicting living conditions in the house that were staged, taken, and edited by Sasha. *Id.* at PageID.11–PageID.12.

On December 15, 2021, Kymberly received a summons for a state court hearing scheduled for December 16, 2021. *Id.* at PageID.14. On the same day, Shawn Lathrop sent e-mails to Kymberly and Joan stating that, if the house was deemed safe, the children would be returned to Joan's custody. *Id.* Due to the short notice, Kymberly was unable to attend the hearing. *Id.* Joan attended the hearing, and the judge made her a party, but Joan was not allowed to read a prepared statement. *Id.*

Although the home was found to be safe, Carol Kitaoka, the children's guardian ad litem, refused to return the children to Joan's custody. *Id.* at PageID.15. Sometime between December 16, 2021, and February 10, 2022, social workers conducted another inspection of the home and found it to be safe. *Id.*

5

During a hearing in state court on February 10, 2022, the judge instructed Kitaoka to perform another home inspection and to interview Joan, but she failed to do so. *Id.* The judge also instructed Lathrop to do another investigation and to prepare an updated Safe Family Home Report. *Id.* In the updated report, Lathrop stated that he found the home to be "beautiful" and "well kept" during a surprise visit, but he also stated that Joan had previously abused and neglected the children. *Id.* at PageID.16.

In October 2022, when Kymberly attempted to make her regularly scheduled call to her children, she discovered that the prepaid phone given to her was out of minutes. *Id.* at PageID.21. Wendy Robinson never responded to Kymberly's repeated requests to have minutes added to the phone. *Id.*

In November 2022, Kymberly and Joan received notice that Robinson and Charles McCreary had moved the state court to place the children with Sasha. *Id.* After Kymberly and Joan indicated that they would not challenge the placement, however, the motion was withdrawn. *Id.* at PageID.22. Joan eventually moved to have the children placed with Sasha, but the motion has been "repeatedly delayed" and "sabotaged." *Id.* at PageID.24. McCreary has asked the state court to end the "[j]urisdiction [t]rial" "without allowing [Kymberly] to call . . . the witnesses that she needs to call to prove there was no reason to [r]emove the children from their

6

[home]." *Id.* According to the Complaint, the trial in state court has been pending for two years.

Plaintiffs commenced this lawsuit by signing the Complaint on November 9, 2023, *id.* at PageID.46, which the Court received on December 7, 2023, *id.* at PageID.1. The Court issued a Deficiency Order on December 7, 2023, ECF No. 3, and Plaintiffs paid the filing fee on January 9, 2024, ECF No. 8.

In the Complaint, Plaintiffs allege that Defendants violated their rights under the First, Fourth, Fifth, Sixth, Seventh, and Fourteenth Amendments to the United States Constitution, and unspecified provisions of the Constitution of the State of Hawaii. ECF No. 1 at PageID.25–PageID.40. Plaintiffs seek declaratory and injunctive relief, in addition to damages. *Id.* at PageID.44–PageID.45.

### III.  **DISCUSSION**

"*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *Arevalo v. Hennessy*, 882 F.2d 763, 765 (9th Cir. 2018) (quotation marks and citation omitted). The Supreme Court held in *Younger* that federal courts "should abstain from staying or enjoining pending state criminal prosecutions absent extraordinary circumstances." *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021). The doctrine has been expanded to include civil enforcement actions. *See Credit One Bank, N.A. v. Hestrin*, 60 F.4th 1220, 1225 (9th Cir. 2023).

7

"*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019). *Younger* abstention principles apply throughout state appellate proceedings, requiring full appellate review of a state court judgment before federal court intervention is permitted. *Dubinka v. Judges of the Super. Ct.*, 23 F.3d 218, 223 (9th Cir. 1994) ("[E]ven if appellants' trials were completed at the time of the district court's decision, the state court proceedings were still pending for *Younger* abstention purposes.").

The Ninth Circuit has held that *Younger* abstention applies regardless of whether the applicant seeks declaratory or injunctive relief, or damages. *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (holding *Younger* abstention applies equally to damages actions as to actions seeking declaratory and injunctive relief). If a claim for declaratory or injunctive relief is raised, the federal court should abstain and dismiss without prejudice; if a damages claim is raised, the court should abstain and stay the federal proceedings until the state court proceedings are concluded. *See id.*

*Younger*'s elements are satisfied here, and no apparent exception or extraordinary circumstance justifies federal intervention. First, based on the Complaint's allegations, it is evident that the state court proceedings regarding the custody and placement of Kymberly's three children remain pending. *See* ECF No. 1 at PageID.24 ("[W]e have now reached the two year mark of the Jurisdiction Trial[.]"); *Lasham, Co-Tr., Kingdom of Heaven Tr. v. Grimes*, No. 22-15768, 2023 WL 4893614, at *1 (9th Cir. Aug. 1, 2023) (concluding that district court correctly abstained under *Younger* when family court proceeding was ongoing at the time lawsuit was filed in federal court).

Second, to the extent the ongoing state court proceedings relate to the custody and placement of Kymberly's children, these are "traditional area[s] of state concern, expertise, and experience." *Id.*; *see also H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) ("Family relations are a traditional area of state concern." (quotation marks and citation omitted)). Moreover, the State of Hawaii has "an interest in protecting the authority of the judicial system, so that its orders and judgments are not rendered nugatory." *Lasham*, 2023 WL 4893614, at *1 (citation omitted).

Third, there are no apparent procedural bars preventing Plaintiffs from raising their various arguments in the state court proceedings or on direct appeal. *See Lasham*, 2023 WL 4893614, at *1 ("[Plaintiff] had an adequate opportunity to

9

assert her claims in state court proceedings."); *see also Mitchell v. Mitchell*, Civ. No. 13-00310 DKW-RLP, 2013 WL 4509658, at *4 n.2 (D. Haw. Aug. 23, 2013) ("State courts are as competent as federal courts to decide federal constitutional issues.").

Fourth, to allow this matter to continue while proceedings are ongoing in state court would "interfere in a way that *Younger* disapproves." *Gilbertson*, 381 F.3d at 978. As the Ninth Circuit has stated, "interference is undoubtedly the reason for *Younger* restraint, or the end result to be avoided." *Id.* at 976–77; *see also id*. at 976 ("There is no doubt that interference with state proceedings is at the core of the comity concern that animates *Younger*."). "'[D]irect interference' is not required as a precondition for *Younger* abstention," *id.* at 978; only "*some* interference with state court proceedings is . . . necessary," *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 n.9 (9th Cir. 2007). Here, Plaintiffs ask the Court to order that the children be returned to the custody of Joan and Kymberly. ECF No. 1 at PageID.44. Plaintiffs further ask the Court to "[r]everse any Orders which were [u]nconstitutionally and illegally granted and obtained though the deprivation of [Plaintiffs' rights]." *Id*. Such relief cannot be granted without impermissibly interfering with the ongoing state court proceedings.

For all these reasons, *Younger* abstention is appropriate in this case. *Lasham*, 2023 WL 4893614, at *1; *see also Fulcher v. Bennett*, No. CV-20-00980-PHX-DWL, 2020 WL 7027559, at *3 (D. Ariz. Nov. 30, 2020) (concluding that *Younger* abstention barred claims when plaintiff's claims were based on events in ongoing family court proceeding).

To the extent Plaintiffs seek declaratory and injunctive relief, those claims are DISMISSED without prejudice. *Gilbertson*, 381 F.3d at 982 (noting that "*Younger* abstention precludes, but does not delay, federal litigation . . . when discretionary relief is at issue"); *see also Rhoden v. Mayberg*, 361 F. App'x 895, 896 (9th Cir. 2010) ("The district court properly dismissed [plaintiff's] claims for declaratory and injunctive relief so as not to interfere with ongoing state proceedings.").

To the extent Plaintiffs seek damages, those claims are STAYED. *See Gilbertson*, 381 F.3d at 982 ("We are confident that *Younger* principles apply to a claim for damages based on constitutional challenges which can be asserted in pending state proceedings that implicate important state interests, and that the correct disposition is to defer—not to dismiss—when damages are at issue."); *see also Rhoden*, 361 F. App'x at 896 (concluding that plaintiff's "claims for money damages should have been stayed until the state court proceedings are completed").

## IV. **CONCLUSION**

(1) Plaintiffs' claims seeking declaratory or injunctive relief are DISMISSED without prejudice.

(2) Plaintiffs' claims seeking damages are STAYED. Plaintiffs SHALL report to the Court within thirty [30] days after the conclusion of the ongoing state court proceedings, which includes the conclusion of review on appeal. At that time, Plaintiffs SHALL NOTIFY the Court of the outcome of the state proceedings, along with any corresponding case numbers, and declare whether they intend to proceed with this action. If there is no longer a need to abstain, or otherwise dismiss Plaintiffs' remaining claims, the Court will reopen this action.

(3) The Clerk of Court is DIRECTED to note that this suit is STAYED and to administratively close this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 19, 2024.



/s/ Susan Oki Mollway
Susan Oki Mollway
Senior United States District Judge